# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **BURNACE R. MCDONALD, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 1:17-cv-00062** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **v.** | ) | |
| | ) | |
| **HICKMAN COUNTY JAIL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Burnace McDonald, Jr., a resident of Columbia, Tennessee, and former inmate of the Hickman County Jail in Centerville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Hickman County Jail, Southern Health Partners, and Lori Fuller, alleging violations of the Plaintiff's federal civil and constitutional rights. (Doc. No. 1). As relief, the Plaintiff seeks reimbursement for medical costs he has incurred, damages for pain and suffering, and injunctive relief. (Id. at 6).

The complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2) because the Plaintiff filed his complaint *in forma pauperis*.

## I.       Required Screening of In Forma Pauperis Complaint

Because the Plaintiff is proceeding as a pauper in this action, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under

Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007). <u>See Hill v. Lappin</u>, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in <u>Iqbal</u> and <u>Twombly</u> governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, 556 U.S. at 679; <u>see also Twombly</u>, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); <u>see also Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); <u>Payne v. Sec'y of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003)

(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir.2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II.    Section 1983 Standard

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ."  To state a claim under § 1983, a plaintiff must allege and show two elements:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law.  Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## III.    Alleged Facts

According to the complaint, the Plaintiff is a United States veteran receiving full disability benefits.  He has been incarcerated at the Hickman County Jail on and off since 2014.  During his periods of incarceration, Defendants have refused to provide the Plaintiff with his prescribed medications for depression and post-traumatic stress disorder (PTSD).  In 2014, the

Plaintiff's attorney went before a Hickman County judge who ordered the jail to provide the Plaintiff with his medications. However, the complaint alleges that, during his most recent period of incarceration, the medications were not provided to the Plaintiff and at times he was placed in isolation as punishment for requesting his medications.

In September 2015, Defendant Nurse Fuller told the Plaintiff that he did not need his medications. She ordered him to take a blood test and then told him that the results of the test proved he did not have a mental illness. When the jail would not provide the medications the Plaintiff had been prescribed by outside physicians, the Plaintiff ordered the medications and paid for them himself, but the jail would not dispense them. The complaint alleges that the Plaintiff's mental health deteriorated and the Plaintiff "has suffered greatly" as a result of not receiving his medication. In his complaint, the Plaintiff states: "I have waited this long to file suite [sic] because I'm soon to be released and feared the isolation lockdown for 23 hrs a day." (Doc. No. 1 at 5, 7-8). The Plaintiff subsequently was released from the Hickman County Jail. (Doc. No. 3).

## IV.    Analysis

First, the Plaintiff's complaint names as a Defendant the Hickman County Jail. However, the Hickman County Jail, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. Cf. Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted

against the Hickman County Jail, and all claims against the Hickman County Jail will be dismissed.

To the extent the claims against the Hickman County Jail might be liberally construed as claims against Hickman County, Tennessee, in order to sue a local government under § 1983, the Plaintiff must allege that "it is [the] execution of [the] government's policy or custom . . . [that] inflicts the injury . . . ." Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). In short, for Hickman County to be liable to the Plaintiff under § 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the Plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Here, the Plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of Hickman County. Consequently, whether construed as a claim against the Hickman County Jail or against Hickman County, Tennessee, the complaint fails to state claims upon which relief can be granted under § 1983. Those claims, therefore, will be dismissed.

Next, the complaint alleges that Southern Health Partners, the entity responsible for providing medical care to inmates of the Hickman County Jail, and Nurse Lori Fuller failed to provide the Plaintiff with appropriate treatment and medication for his known depression and PTSD while he was an inmate of the Hickman County Jail. (Doc. No. 9 at p. 7). Failure to provide medical care, including care for mental health conditions, may give rise to a violation of a prisoner's rights under the Eighth Amendment. To establish a violation of a prisoner's Eighth Amendment rights resulting from a denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S.

97, 106 (1976); <u>Brooks v. Celeste</u>, 39 F.3d 125, 127 (6th Cir. 1994).

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. <u>Estelle v. Gamble</u>, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. <u>Id.</u> at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims that sound in state tort law. <u>Berryman v. Rieger</u>, 150 F.3d 561, 565 (6th Cir. 1998)(citing <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Here, the complaint alleges that the Defendants' intentional withholding of medication, deliberate failure to follow a court order to provide the medication to the Plaintiff, and the purporseful changing or disregarding of a treatment plan put in place by a mental health specialist and doctor outside of the jail caused the Plaintiff's mental health to deteriorate during his period of incarceration at the Hickman County Jail. The Court finds these allegations state non-frivolous claims under the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 against Southern Health Partners and Nurse Fuller. Of course, the Plaintiff ultimately may not prevail on these claims, but the Court finds that the Plaintiff's allegations survive the required screening and warrant development of the record.

However, the Court finds that the Plaintiff cannot pursue any claims against these Defendants for actions or inactions that fall outside of the governing statute of limitations period. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." <u>Eidson v. Tenn. Dep't of Children's Servs.</u>, 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for §

1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). <u>Porter v. Brown</u>, 289 Fed. Appx. 114, 116 (6th Cir. 2008).

Although the complaint was not dated at the time of signature (Doc. No. 1 at 6), the complaint was received by the Court on July 5, 2017. Thus, all § 1983 claims arising from events that occurred prior to July 6, 2016, are time barred under the governing one-year statute of limitations. The Plaintiff cannot pursue any such claims. As set forth above, the Plaintiff may pursue § 1983 denial of medical and mental health care claims against Southern Health Partners and Lori Fuller arising from events that occurred after July 6, 2016.

Furthermore, the Court cannot grant the Plaintiff's request to order Southern Health Partners and Lori Fuller to provide the Plaintiff with the care or medications he seeks. (Doc. No. 1 at 6). A prisoner's request for injunctive or declaratory relief is rendered moot by his release from the correctional institution of which he complains. <u>See e.g., Kensu v. Haigh</u>, 87 F.3d 172, 175 (6th Cir. 1996). Therefore, because the Plaintiff could not benefit from any improvement in the provision of medical care or medication to him at that facility, his claims for injunctive relief are moot.

## V.     Conclusion

In conclusion, the Court finds that the complaint states colorable Eighth Amendment claims pursuant to § 1983 against Defendants Southern Health Partners and Lori Fuller arising from events that occurred after July 6, 2016. 28 U.S.C. § 1915(e)(2). These claims survive the required screening of the Plaintiff's *in forma pauperis* complaint. However, the Plaintiff's remaining claims will be dismissed for failure to state a claim upon which relief can be granted and/or failure to pursue within the governing statute of limitations period. In addition, because

the Plaintiff's request for injunctive relief was rendered moot by his release from the Hickman County Jail, he may not pursue the requested injunctive relief.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE